HERNANDEZ, PLAINTIFF AND APPELLANT, *v.* HEIRS OF CÓRDOVA, DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in an Action for Dissolution of Community, Etc.

No. 2882.—Decided July 19, 1923.

COMMUNITY PROPERTY—SEPARATE PROPERTY.—The failure to include property of the community in a partition does not change its legal character nor create a presumption that it is the séparate property of the spouse who acquired it.

ID.—ID.—LIQUIDATION OF COMMUNITY—DIVORCE.—A liquidation of the community is not necessary in order that the heirs of one of the spouses, or one of the spouses in case of divorce, may recover the part of the dissolved community belonging to the said. spouse.

ID.—ID.—DIVISIBLE PROPERTY.—A lot· containing two houses is not a property essentially indivisible within the meaning of section 411 of the Civil Code, and in the absence of evidence that the particular property is indivisible a judgment ordering its sale at the instance of the surviving spouse who claims a half interest therein as community property is not proper.

The facts are stated in the opinion.

*Mr. L. Mercader* for the appellant.

*Messrs. Largé & Zeno* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Francisco Córdova Stuard purchased a lot with two houses while married to Ana Hernández Velázquez and the deed was silent as regards the source of the money paid for the property. The marriage was dissolved by a decree of divorce on October 25, 1916, and in January of the following year the divorced spouses divided between themselves a farm property by a deed wherein they stated that the said property was the only property of the dissolved conjugal partnership. Córdova died in 1921 and a short time thereafter Ana Hernández Velázquez brought an action against his testamentary heirs, praying the court to adjudge that half of the lot and houses belonged to her because it was community property; that the defendant heirs should pay to her the part corresponding to her in the rents and profits of the said urban property from the date of her divorce, and to order the dissolution of the community between her and the said heirs by selling the property and dividing the proceeds among the co-owners according to the interest of each.

The defendants answered and the case was tried. The plaintiff introduced evidence showing the facts as stated; also that Córdova had no resources when he married the plaintiff, and that the houses had rented for $69 a month from the time of the divorce, the expenses having been $30 for taxes and $40 for repairs yearly. The defendants offered no evidence.

The judgment was against the plaintiff and she took the present appeal.

There is no controversy between the parties with regard to the facts as stated, but as regards the law applicable to the case the defendants contended and the trial court held that a previous liquidation of the conjugal partnership was necessary and an award therein to the plaintiff of half of the urban property in order that she might sue for it as

owner with its rents and profits and demand the termination of the community.

Although it is highly probable that in the deed of partition of the rural property executed in 1917 a liquidation of the community property was made, yet as the only showing before us in this regard is the allegation contained in the answer of the defendants, we admit that it has not been proved that a liquidation of the community was made, but this was not necessary to support the plaintiff's action. However, before passing upon this question we must decide whether the urban property to which this action refers is community property or the separate property of the husband, as the appellees allege.

As in this case the parties do not allege that there was a marriage contract, it must be understood that the marriage was contracted under the system of legal conjugal partnership as provided in section 1282 of the Civil Code and, therefore, that by virtue of it the husband and the wife take in equal shares, upon the dissolution of the marriage, the earnings or profits received by either of them during wedlock, in accordance with section 1310 of the Civil Code; and inasmuch as the property involved in this action was acquired by the husband during wedlock for a valuable consideration and with funds of the community—for it does not appear from the deed of acquisition or otherwise that the money expended in the purchase was the separate property of the husband— we must conclude that it was community property, and the fact that another property of the extinguished community had been divided previously between its members does not make the property now claimed a separate property of the husband, as contended by the appellees. The failure to include a common property in a partition does not change its legal character so as to make it the separate property of the spouse who acquired it. There is no provision of law to

that effect. Inasmuch as the property in this case is community property and the legal conjugal partnership terminated by divorce, from that moment half of the property belonged to the plaintiff, not by inheritance but as her share in the community.

We have impliedly held in *Capó* v. *Fernández*, 27 P. R. R. 656, and expressly held in *Santini et al.* v. *Díaz San Miguel et al.* 27 P. R. R. 746, that a previous liquidation of the conjugal partnership is not necessary in order that the heirs of either of the spouses (or the spouse in case of divorce, we say now) may recover the one-half interest corresponding to that spouse in the dissolved community. In the *Santini Case* we said:

"Now, although the authority of the said cases was not questioned, nor the specific question of the previous liquidation of the conjugal partnership examined, a casual review of the recent decision of this court in the case of *Capó* v. *Fernández, ante,* p. 656, will lead to the conclusion that the *Succession of Morales Case,* the *Newmann Case* and the *Ortiz Case* were affected by the *Capó Case* in which this court impliedly held that not only was a previous liquidation of the estate not necessary in order to recover the hereditary right but neither was a previous liquidation of the conjugal partnership. And now, not impliedly but expressly, we ratify that opinion and in support of it cite a decision of the Supreme Court of Louisiana which particularly settles the question here involved."

Following the rule laid down in those cases, we must conclude that the plaintiff is entitled to be adjudged the owner of an undivided half of the property in question and also to half of its net profits from the time of the dissolution of the marriage.

With regard to the prayer that the property be sold so as to terminate the community, section 411 of the Civil Code provides that when the thing held in common is essentially indivisible and the part-owners can not agree that it be adjudged to one of them, he indemnifying the others, then

it shall be sold and the proceeds distributed, but inasmuch as a lot containing two houses is not a property essentially indivisible and it has not been shown that the particular property in question is indivisible so that it should be sold and the proceeds distributed, its sale should not be ordered, without prejudice to a new action for the termination of the community.

For the foregoing reasons the judgment appealed from must be reversed, except in so far as it refused to order the sale of the property.

*Reversed in part.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.